RENDERED: DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0842-MR

RUSTY WEDDLE          APPELLANT

v.          APPEAL FROM RUSSELL CIRCUIT COURT
HONORABLE SARA B. GREGORY, JUDGE
ACTION NO. 14-CR-00097

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Rusty Weddle, *pro se*, brings this appeal from a June 7, 2023, order of the Russell Circuit Court denying his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion to alter, amend, or vacate the judgment. We affirm.

On October 28, 2014, Weddle was indicted by a Russell County Grand Jury upon second-degree rape, two counts of second-degree sodomy, two counts of first-degree unlawful transaction with a minor (less than eighteen years

old), four counts of possession of matter portraying a sexual performance by a minor, and with being a persistent felony offender (PFO) in the first degree. Following a jury trial, Weddle was found guilty of second-degree rape, two counts of second-degree sodomy, two counts of first-degree unlawful transaction with a minor (less than sixteen years old), possession of matter portraying a sexual performance by a minor, and with being a PFO in the first degree. By judgment and sentence of imprisonment entered May 8, 2018, Weddle was sentenced to life imprisonment without the possibility of parole for twenty-five years.

Weddle directly appealed the May 8, 2018, judgment to the Kentucky Supreme Court (Appeal No. 2018-SC-00282-MR). By Opinion rendered September 26, 2019, the Supreme Court affirmed the judgment and sentence of imprisonment. (*Weddle v. Commonwealth*, Appeal No. 2018-SC-000282-MR, 2019-WL-4689115 (Ky. 2019)). Following a petition for rehearing, an order was entered denying same on April 29, 2020.

On May 15, 2023, Weddle, *pro se*, filed a motion in Russell Circuit Court, pursuant to RCr 11.42, to vacate or set aside the judgment of imprisonment, a motion to proceed *informa pauperis*, and a motion for appointment of counsel. He also filed a motion to amend the RCr 11.42 motion on May 25, 2023. By order entered June 7, 2023, the circuit court denied Weddle's RCr 11.42 motion without

an evidentiary hearing as time-barred as having been filed more than three years after finality of the judgment. This appeal follows.

Weddle contends the trial court committed error by denying his RCr 11.42 motion without an evidentiary hearing. For the following reasons, we disagree.

RCr 11.42(10) provides that any motion under this rule:

*[S]hall be filed within **three years*** after the judgment becomes final, unless the motion alleges and the movant proves either:

(a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or

(b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

(Emphasis added.)

Pursuant to RCr 11.42(10), a defendant has three years from the finality of the judgment to file an RCr 11.42 motion. RCr 11.42(10)(a) and (b) provide the exceptions to this general rule of limitations that operate to toll the three-year limitation period.

In the case *sub judice*, Weddle's final judgment and sentence of imprisonment was entered on May 8, 2018. Weddle then pursued a direct appeal of his final judgment to the Kentucky Supreme Court (2018-SC-000282-MR). The

Supreme Court's Opinion affirming Weddle's judgment and sentence of imprisonment was rendered on September 26, 2019. And, the Supreme Court denied Weddle's petition for rehearing by order entered April 29, 2020.

Under RCr 11.42(10), Weddle was required to file the RCr 11.42 motion within three years after the judgment became final. In this case, the judgment became final on April 29, 2020, when the Supreme Court denied the petition for rehearing. Rules of Appellate Procedure (RAP) 40(G)(1) and RAP 43. However, Weddle's RCr 11.42 motion was not filed until May 15, 2023, and the motion to amend the RCr 11.42 motion was not filed until May 25, 2023. Thus, Weddle's RCr 11.42 motion was untimely filed under RCr 11.42(10) as it was filed more than three years after the Supreme Court's order denying the petition for rehearing. Nonetheless, Weddle asserts that pursuant to application of the prison mailbox rule, his RCr 11.42 motion was timely filed. We harbor grave doubt whether the prison mailbox rule applies to the timeliness of the filing of an RCr 11.42 motion.[1] Even if the mailbox rule were to apply, Weddle's RCr 11.42 motion would still be untimely. Weddle claims he deposited the RCr 11.42 motion in the prison mail on April 28, 2023, but he has not supplied any documentation to support that claim, nor does the record on appeal reveal such documentation.

---

[1] *See Anderson v. Commonwealth*, No. 2012-CA-001869-MR, 2014 WL 812886 (Ky. App. Feb. 28, 2014); *McAllister v. Commonwealth*, No. 2014-CA-001267-MR, 2016 WL 1068998 (Ky. Mar. 18, 2016).

Weddle states in his reply brief that supporting documentation is attached thereto. No such supporting documentation was attached to the reply brief filed on April 12, 2024. Under the prison mailbox rule, the envelope must be officially marked as being deposited in the prison's internal mail system on or before the last day for filing with sufficient prepaid postage. RCr 12.04(5). Weddle acknowledges that there was not sufficient postage on the envelope containing the motion and therefore the envelope was returned to him and purportedly mailed out again on June 28, 2023. Thus, Weddle's RCr 11.42(10) motion was untimely even if the prison mailbox rule was applicable. Weddle has also not claimed nor demonstrated entitlement to any of the tolling provisions of RCr 11.42(10)(a) or (b).

Therefore, we are of the opinion that Weddle failed to timely file his RCr 11.42 motion and that such motion is time barred by operation of RCr 11.42(10). Accordingly, the trial court properly denied Weddle's RCr 11.42 motion without an evidentiary hearing.

For the foregoing reasons, the June 7, 2023, order of the Russell Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Rusty Weddle, *Pro Se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General
Frankfort, Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky